**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FAYEZ HANNA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | NO. 06-3242 |

**MEMORANDUM**

**Baylson, J.** **August 13, 2007**

## I. Introduction

Plaintiffs Fayez and Sabah Hanna ("the Hannas" or "Plaintiffs") bring this pro se action against State Farm Fire and Casualty Company ("State Farm" or "Defendant") alleging that State Farm improperly refused to honor the terms of their homeowners policy and acted in bad faith in denying them coverage. Presently before this Court are the parties' cross-motions for Summary Judgment. For the reasons stated below, the Defendant's Motion for Summary Judgment will be granted, and the Plaintiffs' Motion for Summary Judgment will be denied.

## II. Factual and Procedural Background

Although there is some disagreement among the parties about the timing of certain events, the essential facts underlying this action are not in dispute. At all times relevant to this action, the Hannas had a homeowners insurance policy issued by State Farm. In June 2005, the Hannas submitted a claim to State Farm for property damage to the concrete floor of their garage. Lori Smith, a State Farm claim representative, in turn sent the Hannas a letter, dated June 20, 2005, reserving the right to deny coverage and informing them State Farm would continue to

investigate the Hannas' claim. (Def.'s Br. Ex. C.) In July 2005, Lori Smith conducted a preliminary inspection of the Hannas' property. At around the same time, State Farm also retained an engineer, John Fitzsimmons, who inspected the property on July 26, 2005 and completed a report concluding that the cracks in the concrete floor of the garage were caused by the settling of the earth below the floor over an unknown period of time and, more recently, by groundhog activity beneath one corner of the garage. (Def.'s Br. Ex. F.)

The State Farm homeowners policy, which both parties agree was in effect at the time of the Hannas' claim, provides coverage for the Hannas' "dwelling" including "all structures attached to the dwelling," but specifically excludes coverage for losses caused by:

> g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> . . .
>
> l. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings; [or]
>
> m. birds, vermin, rodents, insects or domestic animals.

(Pl.'s Br. Ex.1.)

State Farm accordingly denied the Hannas' claim in a letter dated August 4, 2005, enclosing a copy of the engineer's report and explaining that coverage was being denied because "[t]he damage to your garage does not meet our insuring agreement. It was caused by settlement and possible contribution by a groundhog. These causes [are] specifically excluded in your Homeowners Policy." (Def.'s Br. Ex. D.) State Farm followed up with a second letter explaining its decision on August 29th, 2005. (Def.'s Br., Ex. F.) In April 2006, the Hannas procured an estimate from Zephyr Thomas Home Improvement Company that the cost of

removing and replacing the existing garage and concrete slab would total $55,615.00. (Def.'s Br. Ex. G.)

On May 31, 2006, the Hannas brought a Complaint in the Court of Common Pleas of Lancaster County, which State Farm timely removed to this Court on July 24, 2006.[1] In their Complaint, the Hannas seek a declaratory judgment pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. § 7531 et seq. that State Farm is obligated to cover the cost of

---

[1] This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the Hannas are residents of Pennsylvania and State Farm is incorporated in Illinois with its principal place of business in Illinois; the amount in controversy is greater than $75,000.

The Plaintiffs' Complaint requests $55,615.00 in damages, plus interest, from State Farm to assist in the removal and replacement of their garage. In addition, Pennsylvania law provides that an insured may seek punitive damages, as well as attorneys' fees and costs, against an insurer if the court finds that the insurer acted bad faith towards an insured. 42 Pa. Cons. Stat. Ann. § 8371. Both actual and punitive damages may be considered in satisfying the amount in controversy requirement. See Packard v. Provident Nat. Bank, 994 F.2d 1039 (3d Cir. 1993) (stating that punitive damages may be considered in determining whether jurisdictional amount in controversy for diversity action has been satisfied); see also Henderson v. Nationwide Mut. Insur. Co., 169 F. Supp. 365 (E.D. Pa. 2001) (finding plaintiff met requisite jurisdictional amount in plaintiff's action against his automotive insurance carrier alleging claims for breach of contract and bad faith). Although the Plaintiffs' complaint makes no explicit reference to punitive damages, the Court finds that their allegation that State Farm acted in bad faith in denying them coverage is sufficient to invoke the possibility of a punitive damages award, making diversity jurisdiction appropriate.

Furthermore, in a declaratory judgment action involving an insurance policy, the amount in controversy is determined by the maximum amount for which the insurer may be held liable. See Nationwide Mut. Ins. Co. v. Dewar, No. 90-3596, 1990 WL 139386, at *2 (E.D.Pa. Sept. 21, 1990) (holding jurisdictional amount not met because insurer's maximum liability under policy was $50,000); see also Trinity Universal Ins. Co. v. Woody, 47 F.Supp. 327, 330 (D.N.J. 1942) ("The value of the liability of which the plaintiff seeks to be relieved is determinative of the jurisdictional amount.") Even if the Court were to treat Plaintiff's Complaint as raising a claim only for declaratory judgment and not for breach of contract, the amount in controversy requirement is still met. The policy renewal certificate attached to Plaintiff's Motion for Summary Judgment, which offered coverage for the period from February 2005 to February 2006, contains a coverage limit of $174,800, well in excess of the jurisdictional amount. (Pls' Br. Ex. 1.)

Accordingly, this Court will decide the parties' cross motions on the merits.

repairs to their garage. Although they do not directly assert a claim for breach of contract, the Hannas further seek damages of $55,615.00 plus interest for the cost of removing and replacing the garage.[2] Finally, they assert that State Farm acted in bad faith in denying them coverage under their homeowners policy in violation of 42 Pa. Cons. Stat. § 8371. State Farm moved to dismiss the Hannas' Complaint on July 31, 2007. In an Order dated December 6, 2006, this Court denied State's Farm Motion to Dismiss and granted the parties a sixty day discovery period.[3]

State Farm subsequently filed a Motion for Summary Judgment on February 5, 2007, pursuant to Federal Rule of Civil Procedure 56 (Doc. 13). After the Plaintiffs failed to respond in a timely manner, this Court issued an order on March 23, 2007 requiring Plaintiffs to reply with twenty-one days or risk the Court's granting the Defendant's Motion as unopposed. The Hannas responded by filing their own Motion for Summary Judgment on April 11, 2007 (Doc. 16). In the transmittal letter accompanying their Motion, the Hannas asked that the Court "[p]lease pardon us for...not know[ing] the law or procedure used in the federal court [or] any other court." In light of Plaintiffs' pro se status, and in order to decide this case on its merits, the Court will treat the Hannas' Motion as both a response to the Defendant's Motion for Summary

---

[2] Although Plaintiffs cite the Pennsylvania Declaratory Judgment Act in their Complaint, it appears that their action is more accurately characterized as one for breach of contract. The Plaintiffs appear to have used a form complaint typically employed in an action seeking indemnification under a liability insurance policy.

[3] State Farm filed a to Motion to Compel Depositions of Plaintiffs on January 30, 2007 (Doc. No. 12). Plaintiffs never responded directly to this Motion, although they addressed some of State Farm's assertions in their Motion for Summary Judgment. Because this Court is granting State Farm's Motion for Summary Judgment, State Farm's Motion to Compel will be denied as moot.

Judgment and a Motion for Summary Judgment in its own right. See Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (observing "we have traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure").

**III. Legal Standard**

The standards by which a court decides a summary judgment motion do not change when the parties file cross-motions. Southeastern Pa. Transit Auth. v. Pa. Pub. Util. Comm'n, 826 F. Supp. 1506, 1512 (E.D. Pa. 1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party

fails to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## IV. Discussion

The Hannas seek a declaratory judgment that State Farm is obligated to cover the cost of repairs to their garage, pursuant to the Pennsylvania Declaratory Judgment Act. Pa. Cons. Stat. § 7531 et seq. They further request that the Court award them the estimated cost of removing and replacing their garage in the amount of $55,615 as well as interest accumulated since this claim was first filed in June 2005. Finally, the Hannas allege that State Farm's denial of their claim constitutes bad faith under the Pennsylvania bad faith insurer statute. 42 Pa. Cons. Stat. Ann. § 8371.

State Farm makes two arguments in its Motion for Summary Judgment. First, State Farm asserts it is entitled to a "declaratory judgment" in its favor because no dispute exists as to the causes of the Hannas' garage damage and because the policy in question does not insure against damage attributable to such causes. Second, State Farm argues that it had a reasonable basis for denying the Hannas' claim and therefore could not have acted in bad faith. The Hannas respond that the damage to their home is covered under the terms of their homeowners insurance policy, and State Farm acted in bad faith in denying their claim.

### A. Insurance Coverage

In an action for declaratory judgment where the sole basis for federal jurisdiction is diversity, a court must apply the substantive law of the state in which it sits. See Liberty Mut.

Ins. Co. v. Sweeney, 216 F.2d 209, 210 (3d Cir. 1954). Therefore, this Court will apply Pennsylvania law as it applies to insurance coverage. Under Pennsylvania law, "[t]he interpretation of an insurance contract is a question of law that is properly decided by the court." Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997). In a declaratory judgment action, a court must first determine the scope of the coverage of the policy at issue and then "examine the complaint in the underlying action to determine if it triggers coverage." Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). The initial burden rests on the insured to establish coverage under an insurance policy. See Butterfield v. Giuntoli, 670 A.2d 646, 651-52 (Pa. Super. Ct. 1995); see also Melrose Hotel Co. v. St Paul Fire & Marine Ins. Co., 432 F. Supp. 2d 488, 495 (E.D. Pa. 2006) (citing Butterfield). Only after that burden is met does the burden shift onto to the insurer to establish an exclusion to that coverage. Butterfield, 670 A.2d at 651-52.

"When the language of an insurance contract is clear and unambiguous, a court is required to enforce that language." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999). In this matter, the relevant terms of the homeowners policy are unambiguous. While the policy provides coverage for the Hannas' dwelling, including structures attached to that dwelling, it specifically excludes property damage caused by "rodents" or "settling." (Pl.'s Br. Ex. 1.) State Farm has submitted a copy of the report completed by their engineer. That report concludes that settling and groundhog activity caused the damage to the Hannas' garage. (Def.'s Br. Ex. F.) The Hannas have not produced any affidavits, depositions, responses to interrogatories, admissions on file or reports to dispute the engineer's conclusion that settling caused part of the damage to their garage. Furthermore, the Hannas admit in their Complaint that

groundhog activity contributed to the damage. (Pl.'s Br. Ex. 7-B.) They do not make any further allegations in their Complaint or assert any facts in their Motion for Summary Judgment about any other possible causes of the damage to their garage.

Therefore, the undisputed record evidence establishes that the damage to the Hannas' garage was caused by settling and groundhogs, causes which are both specifically excluded by the terms of State Farm's insurance policy. Because the Hannas have failed to produce any evidence that would establish their losses are covered by the terms of their policy, they have failed to demonstrate any genuine of issue of material fact that would lead this Court to deny State Farm's Motion for Summary Judgment or, conversely, grant their own motion. Since the damage to the Hannas' garage falls outside the scope of coverage provided by the homeowners policy, the Court therefore finds State Farm is entitled to summary judgment on this issue.

**B. <u>Bad Faith</u>**

The Pennsylvania statute governing bad faith insurance actions provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. § 8371. In order to recover on a bad faith claim, the insured must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim.

Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" Babayan, 430 F.3d at 137 (internal quotation omitted). Ultimately, the burden is on the insured to prove such "bad faith" by clear and convincing evidence. Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 528 (3d Cir. 1997); Terletsky, 649 A.2d at 688. At the summary judgment stage, the insured's burden in opposing a summary judgment motion is "commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial." Babayan, 430 F.3d at 137 (quoting Kosierowski v. Allstate Ins. Co., 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999)).

The Court finds that the Hannas' conclusory assertions of bad faith are insufficient to survive the Defendant's Motion for Summary Judgment. The Hannas allege in their Motion for Summary Judgment that "[t]he Defendant's State Farm Fire and Casualty Company were acting in BAD FAITH because they playing games, they know that we are COVERED under the homeowner Policy but the Defendant's . . . refuse to do their Responsibility." (Pl.'s Br. ¶11.) The Hannas have presented this Court with no additional evidence to support the allegations of bad faith. State Farm has submitted evidence indicating that it investigated the Hannas' claim and retained an engineer to assess the causes of the damage. Believing that the damage complained of was not covered by its policy, State Farm then informed the Hannas of the basis for its decision to deny their claim. The Hannas have presented no evidence that State Farm lacked a reasonable basis for its decision or that State Farm recklessly disregarded the lack of such a basis.

As the non-moving party with the burden of production at trial, the Hannas must present the Court with sufficient evidence – through pleadings, depositions, answers to interrogatories, admissions on file, or affidavits – to create a genuine issue of material fact. Fed. R.Civ. P. 56(c). Although the Court must make all reasonable inferences in the Hannas' favor, given the absence of any evidence to support their claim of bad faith, the Court determines that no reasonable jury would return a verdict in their favor and will grant State's Farm Motion for Summary Judgment on the Plaintiff's bad faith claim.

## V. Conclusion

Because the Court finds that State Farm is under no obligation to insure the Hannas for the property damage that is the subject of this suit, and because the Hannas have produced no evidence supporting their claim that State Farm acted in bad faith in denying them coverage, the Court will grant State Farm's Motion for Summary Judgment and deny the Hannas' cross motion.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FAYEZ HANNA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | NO. 06-3242 |

AND NOW, this 13th day of August, 2007, upon consideration of the parties' cross-motions for summary judgment , it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED and Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED. Defendant's Motion to Compel Depositions of Plaintiffs (Doc. No. 12) is DENIED as MOOT.

Judgment is granted in favor of Defendant State Farm Fire and Casualty Company and against the Plaintiffs Fayez and Sabah Hanna.

**BY THE COURT:**

s/Michael M. Baylson

**MICHAEL M. BAYLSON, U.S.D.J.**

A:\Hanna Motion for SJ Memo & Order.wpd